[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
kS Katheryn Burkhart was found guilty of theft by a jury in the Champaign County Court of Common Pleas and was sentenced accordingly. Burkhart appeals from her conviction.
On November 13, 1997, Burkhart was charged with the theft of merchandise from a Rite-Aid store in Urbana at which she had worked. Burkhart pled not guilty and filed a motion to suppress evidence that was seized during a search of her home at 30 Rue Royale in Urbana on the basis that the search warrant was not supported by probable cause. The motion to suppress was overruled and the matter proceeded to trial. Burkhart was found guilty as charged and was sentenced to serve fourteen days in jail and eighty hours of community service. She was also ordered to pay restitution in the amount of $800 and a fine of $250, and the court imposed several other conditions on her release.
Burkhart asserts one assignment of error on appeal.
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILED TO PROVIDE PROBABLE CAUSE, AND A REASONABLE POLICE OFFICER SHOULD HAVE KNOWN THAT PROBABLE CAUSE WAS LACKING.
Burkhart contends that the police officer's affidavit in support of the search warrant for 30 Rue Royale was insufficient to establish probable cause for the search because there was not a particularized basis to suspect that stolen goods would be found on the property and because the officer failed to explain how he had concluded that the items observed on the premises were stolen when they consisted of common household products. Burkhart also contends that the good faith exception to the search warrant requirement did not apply because no police officer could have reasonably believed that the search warrant was based upon probable cause.
Before a valid search warrant may be issued for a particular place, an affidavit must be filed with the judge or magistrate describing the place to be searched, naming or describing the property to be searched for and seized, stating the offense in relation to the property, stating that the affiant believes and has good cause to believe that the property is concealed at the place, and stating the facts upon which the affiant's belief is based. R.C. 2933.23; Crim.R. 41(C). "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213,238-239. A reviewing court is to conduct a de novo determination of probable cause without deference to the trial court's finding.Ornelas v. United States (1996), 517 U.S. 690, ___,116 S.Ct. 1657, 1662. The reviewing court should take care, however, both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. Id.,116 S.Ct. at 1663.
Officer Aaron Pittsenbarger's affidavit in support of the search warrant listed the following facts to establish probable cause:
 On November 3, 1997 an employee of Rite-Aid called the police department concerning a theft from their store. I responded and spoke to Scott Mathieu, store security.
 Scott Mathieu advised me that they suspected employees were stealing items from the store. Cameras were set up and used during the last week.
 The video tapes show Katherine Burkhardt [sic] and Dorene Shafer carrying large boxes of items from the store.
 Scott Mathieu talked with Katherine Burkhardt who wrote a statement stating that she had stolen many items from the store.
 Dorene Shafer also admitted to taking items and submitted to a consent search of her home at 1355 West State Route 296. There many stolen items were recovered.
 I went to 30 Rue Royale to speak with Katherine Burkhardt, while knocking on the door I saw several large boxes with stolen property from Rite-Aid inside.
 Katherine Burkhardt refuses to answer the door or phone calls to the residence.
The affidavit described the place to be searched as "Property of Katherine Burkhardt, 30 Rue Royale Urbana Ohio," as well as any vehicles found on the property, and included a physical description of the property as a single story brick ranch home with a two-car attached garage. The affidavit listed the property to be searched for and seized as "Watches, shampoo, make-up, greeting cards, dish towels, magazines, books and any other items determined to have been stolen from Rite-Aid in Urbana."
Burkhart contends that, while the affidavit may have established probable cause to believe that she had stolen some items from Rite-Aid, it did not establish probable cause to believe that the items would be found at 30 Rue Royale. Burkhart also contends that it was unclear from the affidavit whether she even lived at that address. Further, Burkhart challenges the affidavit on the basis that the officer did not state how he came to conclude that the boxes of common household items observed inside the residence had been stolen.
The judge could have reasonably inferred from Burkhart's admitted involvement in the thefts, the nature of the stolen items as household goods, and the discovery of stolen items at the home of her fellow co-worker and thief, that there was a reasonable probability that stolen goods would be found at Burkhart's home. Officer Pittsenbarger's observation of several large boxes of goods at the home like those Burkhart was videotaped removing from Rite-Aid substantially bolstered this conclusion. Although Burkhart faults the affidavit for failing to state how the officer "knew that the boxes were in fact stolen items," we point out that the officer did not have to know for a fact that the items were stolen to establish probable cause for the search warrant. He merely had to establish a "fair probability" that the items were stolen. George, supra, at 329-330. The magistrate could have made a practical, common sense determination that such reasonable suspicion had been established by the videotape and by the officer's observation of similar boxes at Burkhart's home.
Burkhart's complaint that the affidavit did not expressly state that she lived at 30 Rue Royale is of little consequence. The affidavit described the premises to be searched as the "property of Katherine Burkhardt," and Officer Pittsenbarger stated that, as he knocked on the door of the house, he saw several large boxes that he believed to contain items stolen from Rite-Aid. These statements were sufficient to establish the officer's belief that Burkhart lived at 30 Rue Royale and, more importantly, that stolen property was located therein. Given his belief that he had observed stolen property on the premises, we are unpersuaded that the officer needed to provide additional details about why he believed that Burkhart lived at the house to establish probable cause for the search.
Having found that the search warrant was supported by probable cause, we need not address the good faith exception to the search warrant requirement.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Jack W. Whitesell, Jr.
John H. Rion
Jon Paul Rion
Hon. Roger B. Wilson